(127 So. 912)

## CHANCELLOR v. STATE.
### 4 Div. 670.

Court of Appeals of Alabama.
April 22, 1930.

James A. Mulkey, of Geneva, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

The indictment contained two counts. The first charged the offense of burglary of the store or warehouse of Wiley Chancellor, with proper other averments. The second count charged grand larceny, the alleged stolen property being one ton of peanuts of the value of $80, the personal property of Wiley Chancellor.

This appellant together with Jack May and Claud Thompson were jointly named as defendants in the indictment. Upon motion or demand of defendants, a severance was granted, and this appellant was put to trial alone on the indictment. He pleaded not guilty, but by verdict of the jury was convicted of grand larceny as charged in the second count. The first count, charging burglary, was eliminated by the jury's verdict. So we have to deal only with the offense charged in the second count, and in this connection appellant insists that there was no evidence to sufficiently identify the alleged stolen property as being that of Wiley Chancellor, the injured party.

From the view we take of this case we may pretermit a discussion and determination of this insistence. A careful and attentive study and consideration of all the evidence adduced upon the trial of this case in the court below convinces this court that the conviction of this appellant, under the rule laid down and provided in section 5635 of the Code 1923, cannot be permitted to stand, as there was no evidence tending in the least to connect this appellant with the commission of the offense complained of, except the testimony of the admitted accomplice Claud Thompson. Said section expressly provides: A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offence or the circumstances thereof, is not sufficient. This appellant is, of course, entitled to the application and benefit of this rule, and, as stated, we are unable to discover any semblance of testimony tending to connect him with the larceny of the peanuts in question, except that of the admitted thief and accomplice above mentioned. The appellant here rests his case upon this proposition. The question was properly raised in the lower court in several different manners, and the adverse rulings of the trial court in this connection constituted reversible error. The judgment of conviction, appealed from, is reversed, and the cause remanded.

Reversed and remanded.